**Joseph W. LATTISAW, Jr., Appellant,**

v.

**DISTRICT OF COLUMBIA,**
**et al., Appellees.**

**No. 15-7148**
**September Term, 2015**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: August 5, 2016

Rehearing En Banc Denied
October 31, 2016

Joseph W. Lattisaw, Jr., Silver Spring, MD, Pro Se.

Loren L. AliKhan, Todd Sunhwae Kim, Lucy E. Pittman, Karl A. Racine, Office of the Attorney General, District of Columbia, Washington, DC, for Appellees.

BEFORE: Rogers, Kavanaugh, and Srinivasan, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed July 28, 2015 and November 4, 2015 be affirmed. Appellant raises no arguments on appeal challenging the district court's conclusion that the District of Columbia was the only proper defendant for appellant's claims. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (argument not made on appeal is deemed waived).

With respect to appellant's claims of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and under 42 U.S.C. §§ 1981 & 1983, the district court correctly concluded that these claims were, on their face, conclusively time-barred. See Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996). With respect to the claims under 42 U.S.C. §§ 1985 & 1986, appellant failed to allege any act undertaken in furtherance of a conspiracy or any underlying class-based invidiously discriminatory animus for the alleged conspiracy. See Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 688 (D.C. Cir. 2009). And, "because he did not state a claim under § 1985(3), there is no basis for relief under § 1986." Rodriguez v. Editor in Chief, 285 Fed.Appx. 756, 759 (D.C. Cir. 2008).

Finally, the district court did not abuse its discretion in dismissing appellant's claims under District Columbia law, see Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), and denying appellant's motion for reconsideration or for leave to amend his complaint, see Firestone, 76 F.3d at 1208.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.